UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HARRY LEE WILSON,

                    Plaintiff,

v.                                    Case No. 3:05-cv-1117-J-12MCR

FLORIDA DEPARTMENT OF CORRECTIONS,
et al.,

                    Defendants.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

        Plaintiff, a former inmate of the Florida Department of
Corrections, who is proceeding pro se and in forma pauperis,
initiated this cause of action by filing a civil rights complaint
(Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on
October 28, 2005.  He names the Florida Department of Corrections,
the State of Florida and Judge Henry Davis of the Fourth Judicial
Circuit Court, Duval County, Florida as the Defendants.

Dockets.Justia.com

Plaintiff claims that the Florida Department of Corrections failed to respect the fact that Plaintiff was serving an illegal sentence and the classification board at the institution refused to file any motions concerning the matter. Plaintiff claims the State of Florida brought charges against him even though the State knew the charges did not exist. Plaintiff asserts that Judge Henry Davis made prejudicial statements against him at sentencing. Plaintiff further alleges that his criminal case was overturned and he was released from prison, but while he was in prison he suffered from bad headaches and pain in his back, eyes and stomach. In sum, Plaintiff asserts that his rights under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution have been violated. As relief, Plaintiff seeks monetary damages.

Plaintiff seeks to proceed in this action in forma pauperis. Thus, despite the fact that Plaintiff is no longer incarcerated, the Court is required to review the Complaint to determine whether it is frivolous, malicious or fails to state a claim. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1] The Court, nonetheless, must read Plaintiff's pro se allegations in a liberal fashion. Haines

---

[1] Clearly, 28 U.S.C. § 1915(e)(2)(B) is not limited to prisoners, but applies to all persons proceeding in forma pauperis. See Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam) (finding that the district court did not err in dismissing a § 1983 complaint under the in forma pauperis statute for failure to state a claim, where the complaint challenging the conditions of confinement of a civilly committed detainee failed to assert facts regarding each particular defendant's involvement in the alleged violations).

v. Kerner, 404 U.S. 519 (1972), reh'g denied 405 U.S. 948 (1972);
see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either
in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.)
(citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th
Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which
fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not
automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328
(1989). Frivolity dismissals should only be ordered when the legal
theories are "indisputably meritless," id. at 327, or when the
claims rely on factual allegations which are "clearly baseless."
Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim
may be dismissed as frivolous when it appears that a plaintiff has
little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on
whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct
> complained of was acting under color of state
> law; and (2) whether the alleged conduct
> deprived a person of rights, privileges or
> immunities guaranteed under the Constitution
> or laws of the United States. Parratt v.
> Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908,
> 1912-13, 68 L.Ed.2d 420 (1981), overruled on
> other grounds by, Daniels v. Williams, 474
> U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662
> (1986); Burch v. Apalachee Community Mental
> Health Services, Inc., 840 F.2d 797, 800 (11th
> Cir. 1988), aff'd by, Zinermon v. Burch, 494
> U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100
> (1990).

Duke v. Massey, 87 F.3d 1226, 1231 (11th Cir.), reh'g and suggestion for reh'g en banc denied, 98 F.3d 1355 (11th Cir. 1996); Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995). In addition, plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001); Swint v. City of Wadley, Ala., 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

Plaintiff names the Florida Department of Corrections as a Defendant. State and governmental entities that are considered "arms of the state" are not "persons" subject to liability under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The Florida Department of Corrections is an arm of the executive branch of government. Thus, the Department of Corrections is not a person for purposes of § 1983 litigation. In sum, the Florida Department of Corrections is not a "person" acting under color of state law.

Plaintiff also names the State of Florida as a Defendant. The Eleventh Amendment of the United States Constitution prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state. Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986) (per curiam). Additionally, insofar as Plaintiff may wish to seek damages from

the State of Florida, such damages are barred by the Eleventh Amendment.

> It is well established that the eleventh amendment immunizes an unconsenting state from suits brought in federal court by its citizens and citizens of other states. . . .
>
> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. Quern v. Jordan, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. See Gamble, 779 F.2d at 1513-20.

Zatler, 802 F.2d at 400.

With regard to Plaintiff's claim against Judge Davis, judges are absolutely immune from damages for those acts taken while they are acting in their judicial capacity, provided such acts are not done in clear absence of all jurisdiction. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even if the judge's acts are in error, malicious, or were in excess of his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356 (1978). Because Plaintiff challenges the actions taken by Defendant Davis while he was conducting judicial proceedings (a sentencing), it is clear he is absolutely immune from suit in performing these judicial responsibilities. Sun v. Forrester, 939 F.2d 924, 925

(11th Cir. 1991) (citations omitted), <u>cert</u>. <u>denied</u>, 503 U.S. 921 (1992).  Therefore, insofar as Plaintiff seeks damages from this judicial officer, his claim is "completely without a legal basis." <u>Id</u>.

Thus, for all of the above-stated reasons, this case will be dismissed without prejudice.[2]

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    This case is **DISMISSED WITHOUT PREJUDICE.**

2.    The **Clerk of the Court** shall enter judgment dismissing this case without prejudice, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this ___2ND___ day of November, 2005.

Howell W. Melton
                              UNITED STATES DISTRICT JUDGE

sa 11/1
c:
Harry Lee Wilson

---

[2] The Eleventh Circuit has found that a district court should not dismiss a complaint filed by a non-prisoner for failure to state a claim under the <u>in forma pauperis</u> statute without allowing leave to amend when required by Fed. R. Civ. P. 15(a).  <u>See</u> <u>Troville v. Venz</u>, 303 F.3d 1256, 1260 (11th Cir. 2002) (per curiam).  "[H]owever, a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile."  <u>Hall v. United Ins. Co. of America</u>, 367 F.3d 1255, 1262 (11th Cir. 2004) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).  Given the nature of Plaintiff's claims against the named Defendants, this Court is convinced that any amendment would be futile.